



FILED

Sep 11 2019, 10:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-CR-502

## Brian L. Paquette,

*Appellant-Defendant,*

—v—

## State of Indiana,

*Appellee-Plaintiff*

---

Decided: September 11, 2019

Appeal from the Pike Circuit Court, No. 63C01-1602-F3-73
The Honorable Jeffrey L. Biesterveld, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 18A-CR-3072

---

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

On February 12, 2016, while under the influence of methamphetamine and purportedly believing he was being chased by farmers through a field, Brian Paquette attempted to flee from police by traveling the wrong way on I-69 near Petersburg, Indiana. This initiated a chain-reaction crash that claimed the lives of three victims, one of whom was pregnant, and severely injured a fourth.

As to the three deceased victims, Paquette was charged with three counts of resisting law enforcement by fleeing in a vehicle causing death, a Level 3 felony; three counts of operating a vehicle with methamphetamine in his blood causing death, a Level 4 felony; and three counts of reckless homicide, a Level 5 felony. Paquette was also charged with operating a vehicle with methamphetamine in his blood causing serious bodily injury and possession of methamphetamine, both Level 6 felonies.

Paquette agreed to plead guilty to all charges but argued that, because he engaged in only one act of resisting, the trial court could enter a Level 3 felony resisting-causing-death conviction as to only one of the deceased victims. The trial court ruled against Paquette on this issue and entered convictions on all three Level 3 felony counts and the Level 6 felony operating-causing-injury count. It sentenced him to 16 years on each Level 3 felony and to two and a half years on the Level 6 felony, to be served consecutively.[1]

In Paquette's first appeal, we held that the resisting law enforcement statute, Indiana Code section 35-44.1-3-1, does not contemplate multiple convictions when multiple victims are killed as a result of a single incident of resisting. *Paquette v. State*, 101 N.E.3d 234 (Ind. 2018) ("*Paquette I*"). Accordingly, we remanded with instructions to vacate two of the three Level 3 felony resisting-causing-death convictions. But because the statute for operating causing death *does* explicitly allow for multiple convictions arising from a single act, we instructed the trial court to "enter convictions

---

[1] The trial court merged the Level 4 and Level 5 felony convictions into these four convictions.

under that statute for all victims and … sentence accordingly." 101 N.E.3d at 242.

On remand, the trial court entered separate convictions and sentences on all three Level 3 felony counts but merged the second and third counts into the first count. The trial court also entered convictions on all three Level 4 felony counts. By imposing sentences of 12 years each for the Level 3 felony and the three Level 4 felonies, to run consecutively with the two-and-a-half year sentence for possession of methamphetamine, the trial court reached the same total sentence as before: 50 and a half years.

On Paquette's appeal, the Court of Appeals reversed in part and remanded. *Paquette v. State*, No. 18A-CR-3072, 2019 WL 2203251 (Ind. Ct. App. May 22, 2019) ("*Paquette II*").

*Paquette II* correctly notes that double jeopardy principles prevent the entry of a Level 4 felony operating-causing-death conviction and a Level 3 felony resisting-causing-death conviction as to the same victim. But, citing the remand instructions in *Paquette I*, the Court of Appeals did not vacate one of the three Level 4 felony convictions. Instead, it instructed the trial court to vacate the single remaining Level 3 felony conviction and enter a conviction for the Level 6 felony offense of resisting law enforcement by fleeing in a vehicle—"a count of resisting law enforcement that is **not** enhanced for causing a death." 2019 WL 2203251 at *3 (emphasis in original).

In its response to Paquette's petition to transfer, the State agrees that the Court of Appeals' efforts to correct this double jeopardy violation misconstrued *Paquette I* by vacating the Level 3 felony conviction instead of one of the three Level 4 felony convictions.

We grant transfer, thereby vacating the Court of Appeals decision, Ind. Appellate Rule 58(A), and remand for the trial court to impose judgment of conviction for the following: one count of Level 3 felony resisting law enforcement causing death; two counts of Level 4 felony operating causing death; and one count of Level 6 felony operating causing serious bodily injury; and to sentence accordingly.

All Justices concur.


ATTORNEY FOR APPELLANT, BRIAN PAQUETTE

Mark A. Bates
Schererville, Indiana

ATTORNEYS FOR APPELLEE, STATE OF INDIANA

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler Banks
Deputy Attorney General
Indianapolis, Indiana